REQUESTED BY: John Breslow Auditor of Public Accounts
You state that your office has undertaken a detailed study of the distribution of the State gasoline tax and other receipts in the Highway Trust Fund. You have requested our opinion in connection with an issue that has arisen as a result of that study.
Neb. Rev. Stat. §§ 66-4,118 through 66-4,132
(Cum. Supp. 1994) establish a credit against state income tax for those individuals who use motor fuels and pay Nebraska motor fuel tax on those fuels, but who actually use the fuels in question for non-highway purposes such as agriculture, quarrying or industry. Under Neb. Rev. Stat. § 66-499 (Cum. Supp. 1994), reimbursement is made to the State General Fund for that income tax credit by means of a transfer of monies from the State's Highway Trust Fund.
The Highway Trust Fund itself, which is created under Neb.Rev. Stat. § 39-2215 (Supp. 1995), is a trust fund which contains monies from a number of different sources, all of which are allocated and distributed to various entities and programs for use in highway and street construction and other related purposes.
Section 39-2215 contains a detailed and involved formula for the distribution of the monies in the Highway Trust Fund. You ask at what point in that distribution process should the transfer to the State General Fund for repayment of the non-highway use credit occur.
The two statutes of particular pertinence to your inquiry are § 66-499 and § 39-2215. Section 66-499 provides:
 All sums of money received under sections 66-489
and 66-4,105 by the State Treasurer shall be credited to the Highway Trust Fund. The State Treasurer shall then transfer such amounts to the General Fund as the department [of Revenue] determines are equal to the credits and refunds allowed under sections 66-4,118 to 66-4,132 and the amounts required by section 66-4,124.
In addition, § 32-2215 states, as is relevant:
 (1) There is hereby created in the state treasury a special fund to be known as the Highway Trust Fund.
 (2) All funds credited to the Highway Trust Fund pursuant to sections 66-4,140, 66-4,147, 66-669
and 66-6,108 shall be allocated as provided in such sections. The State Treasurer shall make the transfer to the General Fund required by section 66-499.
 (3) All other motor vehicle fuel taxes, diesel fuel taxes, compressed fuel taxes, and alternative fuel taxes related to highway use retained by the state, all motor vehicle registration fees retained by the state . . . and other highway-user taxes imposed by state law and allocated to the Highway Trust Fund . . . are hereby irrevocably pledged for the terms of the [highway] bonds issued prior to January 1, 1988, . . . and shall, as received by the State Treasurer, be deposited in the fund for such purpose.
* * *
 [Subsections (4) and (5) provide for specific disbursements to various funds from the monies not required for the purposes set out in subsection (3).]
 (6) . . . the balance of the Highway Trust Fund shall be allocated fifty-three and one-third percent . . . to the Department of Roads, twenty-three and one-third percent . . . to the various counties for road purposes, and twenty-three and one-third percent to the various municipalities for street purposes. If bonds are issued, . . . the portion allocated to the Department of Roads shall be credited monthly to the Highway Restoration and Improvement Bond Fund, and if no bonds are issued . . . the portion allocated to the department [of Roads] shall be credited monthly to the Highway Cash Fund. The portions allocated to the counties and municipalities shall be credited monthly to the Highway Allocation Fund and distributed monthly as provided by law. . . .
(Emphasis added). While the initial portion of § 32-2115 seems to indicate that the payment to the General Fund for the non-highway use credit should be made prior to the other disbursements under that section so that all the various funds listed subsequently would, in effect, pay a portion of the reimbursement to the General Fund, you apparently believe that it can be argued that the payment to the General Fund should come only from the "fixed rate" taxes imposed under §§ 66-489 and66-4,105, since those are the only statutes referenced in §66-499. Under such an analysis, the payment to the General Fund would come later in the disbursement process under § 32-2115. Therefore, you posed your question to us.
In Nebraska, statutes are not open to construction as a matter of course, and in the absence of any contrary indication, statutory language is generally to be given its plain and ordinary meaning. Weiner v. State ex rel. State Real EstateCommission, 214 Neb. 404, 333 N.W.2d 915 (1983). Moreover, statutes relating to the same subject matter are in pari materia, and a court will construe them together so as to determine the intent of the state Legislature and to maintain a consistent and sensible scheme. State ex rel. Scherer v. Madison County Com'rsof Madison County, 247 Neb. 384, 527 N.W.2d 615 (1995). With those principles in mind, we believe that both § 66-499 and § 39-2115 contemplate that the payment to the General Fund for the non-highway use credit should be paid at the beginning of the disbursement process created under § 39-2115. Section 39-2115(2) states, initially, that motor fuel tax funds credited to the Highway Trust Fund under statutes which themselves contain allocation provisions must first be disbursed from the Trust Fund as provided under the allocation provisions set out in those specific statutes. Section 39-2115(2) next provides for the transfer to the General Fund required by § 66-499. Section66-499, in turn, provides for crediting the proceeds of the taxes referenced therein to the Highway Trust Fund, and then states, "[t]he State Treasurer shall then transfer such amount to the General Fund as the department determines are equal to the credits and refunds allowed under [the non-highway use credit]." When those statutes are read together, it seems to us that they indicate that the transfer to the General Fund for the non-highway use credit should be the second disbursement in the process under § 39-2115. Subsequent to the first two disbursements under that statute, the State Treasurer is charged with other disbursements to other Funds, and ultimately, the monies left in the Highway Trust Fund after all those various disbursements are distributed monthly to the state, the counties and the cities. Therefore, it is our view that the transfer to the General Fund for the non-highway use credit should be made at the beginning of the disbursement process under § 39-2115, as provided in subsection (2) of that statute. In terms of the diagram which you provided to us with your opinion request, the transfer to the General Fund should occur at letter A.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
APPROVED BY:
Don Stenberg
Attorney General